964 A.2d 322

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. JAYSON S. WILLIAMS, DEFENDANT–RESPONDENT.

February 24, 2009.

## ORDER

This matter having come before the Court on the motion of plaintiff for leave to appeal the interlocutory judgment of the

Appellate Division, whose opinion is reported at 403 *N.J.Super.* 39, 956 *A.*2d 375 (2008);

And defendant having opposed that application;

And leave to appear as *amicus curiae* having been granted to the Attorney General of New Jersey and to the Association of Criminal Defense Lawyers of New Jersey and the NAACP Legal Defense and Educational Fund, Inc.;

And the Superior Court, Law Division, having entered an order dated December 14, 2007 providing that it be:

ORDERED that the State is required to produce the following information to the Court for joint in camera inspection:

1. Each and every document pertaining to the complaint made by an "employee of the prosecutor's office" against the "superior officer" who used "a racial epithet to describe" Mr. Williams, including but not limited to all documents contained in an investigatory or disciplinary file[; and]

2. The complete personnel file of the "superior officer" within the Hunterdon County Prosecutor's Office who used "a racial epithet to describe" Mr. Williams, as well as all documents pertaining to that individual's employment by the Hunterdon County Prosecutor's Office; and

IT IS FURTHER ORDERED that the State is required to produce directly to the defense the following information:

1. The identity of all individuals present at the "meeting within the office" at which the "superior officer" used "a racial epithet to describe" Mr. Williams; [and]

2. All notes and documents relating in any way to the issues discussed during the "meeting within the office" of the Hunterdon County Prosecutor at which the "superior officer" used "a racial epithet to describe" Mr. Williams;

And the State successfully having sought leave to appeal that order to the Appellate Division;

And the Appellate Division having "found no basis for disclosing information about charges against the 'superior officer' other than those specifically relating to racial comments or any other conduct indicative of or relevant to racial bias[,]" a majority of the Appellate Division "affirm[ed] the ... order[ ] entered on December 14, 2007," but ruled that it would "remand[ ] for the trial court's *in camera* review of the investigatory documents to determine which sections are unrelated to the racial remarks and must, therefore, be redacted before any documents are released to defense coun-

sel[,]" *State v. Williams,* 403 *N.J.Super.* 39, 49, 51–52, 956 *A.*2d 375 (App.Div.2008), Judge Wefing having dissented from the latter conclusion, *id.* at 52, 956 *A.*2d 375;

And the State having sought and received leave to appeal the Appellate Division's judgment to this Court;

And the Court having received and considered the submissions of the parties and amici curiae;

And the Court having heard oral argument on the matter on February 3, 2009;

And good cause appearing;

IT IS hereby

1.  ORDERED that immediately on the issuance of this Order, the State shall disclose, in writing addressed to both the trial court and to defense counsel, the date, time, location and identity of all individuals present at the "meeting within the office" at which the "superior officer" used "a racial epithet to describe" defendant; and it is further

2.  ORDERED that within three days of the date of this Order, the State shall produce to the trial court, for an *ex parte, in camera* review, the following:

a.  Any and all documents relating or pertaining to "a racial epithet to describe" defendant uttered by the "superior officer" of the Hunterdon County Prosecutor's Office, including but not limited to all documents contained in an investigatory or disciplinary file; and

b.  The complete personnel file of the "superior officer" within the Hunterdon County Prosecutor's Office, as well as any and all documents pertaining to his employment by the Hunterdon County Prosecutor's Office; and

c.  All notes and documents relating in any way to the issues discussed during the "meeting within the office" of the Hunterdon County Prosecutor at which the "superior officer" used "a racial epithet to describe" defendant;

and it is further

3.  ORDERED that within five days of its receipt of the materials described in paragraph 1, above, the trial court shall withhold or redact, as appropriate, any and all matters contained therein that do not directly refer or relate to the "superior

officer's" utterance of a racial epithet to describe defendant or any other instance of expressed racial animus by any member of the Hunterdon County Prosecutor's Office; and it is further

4. ORDERED that upon completion of the redaction process, the trial court shall provide to the State a set of redacted materials and, within three days of its receipt thereof, the State shall set forth any objections it may have, limited solely to the scope of the disclosure; and it is further

5. ORDERED that once the trial court is satisfied that the materials produced by the Hunterdon County Prosecutor's Office have been redacted in conformity with this Order, the redacted materials shall be disclosed immediately to the defense; and it is further

6. ORDERED that, upon disclosure of any materials to the defense, the trial court also shall consider anew its December 14, 2007 order limiting disclosure, *see R.* 1:2–1, in anticipation of the fact that a *Rule* 104 hearing may be required; and it is further

7. ORDERED that, although the Appellate Division noted:

> if any of the testifying officers were present when the racial epithet and other racial remarks were uttered, defendant is entitled to know that and to make further inquiry as to how they reacted or responded to the "superior officer's" remarks.
>
> . . . .
>
> Irrespective of whether the "senior officer" testified at the first trial or will testify at the coming trial, the question here is whether his comments were accepted or tolerated by others present to the extent that those comments may have reflected attitudes of others present at the briefing who may have testified at the first trial and/or will testify at the retrial.

[*Williams, supra,* 403 *N.J.Super.,* at 50, 956 *A.2d* 375.], the Appellate Division's opinion may be read to define the question too broadly; and it is further

8. ORDERED that if further inquiry is necessary, the question is whether the "superior officer's" remarks affirmatively were accepted or adopted by others present, either through their reactions or responses, with silence alone being insufficient to impute racial animus; and it is further

9.   ORDERED that, acknowledging the time elapsed since the events that form the basis of this prosecution, all subsequent proceedings in this matter, including defendant's retrial, are to be calendared on a preferential basis and are to proceed expeditiously and without any additional delay;  and it is further

10.   ORDERED that, save as modified by this Order, the judgment of the Appellate Division is affirmed.

Jurisdiction is not retained.

Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO, and HOENS join in the Court's Order.