**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0677-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CRAIG SZEMPLE,

     Defendant-Appellant.

_____

> Argued November 4, 2019 – Decided February 21, 2020
>
> Before Judges Rothstadt and Moynihan.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 91-12-1269.
>
> Paul J. Casteleiro argued the cause for appellant.
>
> John K. McNamara, Jr., Assistant Prosecutor, argued the cause for respondent (Fredric M. Knapp, Morris County Prosecutor, attorney; John K. McNamara, Jr., on the brief).

PER CURIAM

Defendant Craig Szemple appeals from the denial of his motion to compel the State to provide him "with copies of any and all notes, reports, statements or other type of writings memorializing any interviews, talks, discussions" with his former wife, Theresa Boyle, after her father, Michael Boyle, delivered to the prosecutor's office a letter utilized by the State to convict defendant at his second murder trial.[1]  On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT ERRED IN TREATING . . . DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE NECESSARY FOR DEFENDANT TO FILE A MOTION FOR A NEW TRIAL AS A SUCCESSIVE PETITION FOR POST CONVICTION RELIEF.
>
> POINT II
>
> THE TRIAL COURT FAILED TO CONSIDER THE STATE'S ONGOING OBLIGATION TO DISCLOSE EXCULPATORY EVIDENCE AND ERRED IN CONCLUDING THAT . . . DEFENDANT IN FAILING TO RAISE A SUPPRESSION OF EVIDENCE CLAIM IN HIS PREVIOUS POST CONVICTION RELIEF PETITION LACKED DILIGENCE BARRING HIS ENTITLEMENT TO RELIEF IN A SUCCESSIVE PETITION FOR POST CONVICTION RELIEF.

---

[1] The spelling of Theresa's name in the transcripts and submissions differ.  We adopt the spelling as it appears in transcripts of trial and hereafter use the Boyles's given names to avoid confusion.  We mean no disrespect or familiarity by so doing.

POINT III

THERE MUST BE A MECHANISM UNDER THE LAW TO ENFORCE THE PROSECUTOR'S CONTINUING DUTY TO DISCLOSE EXCULPATORY EVIDENCE WHEN A DEFENDANT PRESENTS A WELL FOUNDED BASIS TO BELIEVE THAT SUCH EVIDENCE EXISTS.

Because the motion judge erred in treating defendant's motion to compel discovery as a successive petition for post-conviction relief (PCR), and because the State has an ongoing obligation to provide same to defendant, we reverse.

As related in our Supreme Court's decision on defendant's first appeal, following defendant's arrest for murder, the letter at the center of this appeal was found by Michael while he was helping Theresa move from the residence she had shared with defendant. State v. Szemple, 135 N.J. 406, 411 (1994). Michael did not disclose his discovery to Theresa and did not deliver the letter to the prosecutor's office until many months later. Id. at 411-12. The unsigned, undated letter, addressed to Theresa,[2] contained a first-person description of a homicide:

> My first hit was an act of treachery, the ultimate deceit.
> 4 Bullets in the back 1 in the neck and a broken promise
> made at the parting of the oncoming river. I never did

---

[2] The salutation read: "Dearest companion and trusted (new) wife[.]"

A-0677-18T2

tell his mother what happened to him. The second I pulled that trigger, I became larger than death to all of my associates.

[Id. at 411.]

The State moved to reopen its case after it had rested during defendant's first murder trial in order to introduce the letter.[3] Id. at 410. After the trial court ruled the letter was admissible and denied defendant's motion for a mistrial, id. at 410-11, "[t]he prosecutor presented evidence that tied the statement in the letter to the murder," id. at 412. We granted defendant leave to appeal to review the trial court's rulings and reversed the denial of defendant's mistrial motion; we affirmed the trial court's evidentiary rulings, including that related to the letter. State v. Szemple, 263 N.J. Super. 98, 99 (App. Div. 1993). The Supreme Court affirmed. Szemple, 135 N.J. at 433.

The letter was admitted into evidence at the second trial, and defendant was convicted by jury of first-degree murder, N.J.S.A. 2A:113-1 and N.J.S.A.

---

[3] The State also moved to introduce another admission of guilt it alleged defendant made. Id. at 410. That evidence is not germane to this appeal.

A-0677-18T2

2A:113-2.[4]  Defendant's subsequent PCR petition was denied.[5]  He filed the instant motion almost seven years later.

The motion judge viewed the motion as "sort of a second petition for [PCR], although it's not captioned in that fashion," and ruled it was procedurally barred under Rule 3:22-4(b) because the factual predicate for the relief sought "was known at the time that first [PCR] petition was filed and addressed by the trial court as well as the Appellate Division," and defendant did not raise the issue.  The judge also concluded that defendant, "under the guise of a . . . potential motion for a new trial" advanced "purely speculative" claims, and did not show good cause to justify discovery in connection with a PCR matter, quoting State v. Marshall[6] at length, including the Court's holding:

> "There is no post-conviction right to fish through official files for belated grounds of attack on the judgment or to confirm mere speculation or hope that a basis for collateral review may exist."
>
> . . . .

---

[4]  We affirmed defendant's conviction on direct appeal.  State v. Szemple, No. A-0696-94 (App. Div. Sept. 19, 1997).

[5]  We affirmed the PCR denial.  State v. Szemple, No. A-1744-09 (App. Div. Apr. 27, 2011).

[6]  148 N.J. 89, 270 (1997).

"However, where a defendant presents a PCR court with good cause to order the State to supply the defendant with discovery that is relevant to defendant's case and not privileged, the court has the discretionary authority to grant such relief."

We review a trial court's decision on discovery matters under an abuse of discretion standard. State v. Broom-Smith, 406 N.J. Super. 228, 239 (App. Div. 2009) (citation omitted), aff'd, 201 N.J. 229 (2010). "[T]he decision of the trial court must stand unless it can be shown that the trial court palpably abused its discretion, that is, that its finding was so wide of the mark that a manifest denial of justice resulted." State v. Goodman, 415 N.J. Super. 210, 224-25 (App. Div. 2010) (alteration in original) (quoting State v. Carter, 91 N.J. 86, 106 (1982)). "That is, '[w]e generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (alteration in original) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)). "A trial court decision will constitute an abuse of discretion where 'the "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" State v. Salter, 425 N.J. Super. 504, 514

(App. Div. 2012) (alteration in original) (quoting <u>State v. Triestman</u>, 416 N.J. Super. 195, 202 (App. Div. 2010)).

We agree with defendant that he filed a request for discovery, not a second PCR petition or request for discovery in connection with a PCR matter. This was not, as the State contends, a "captioning error" that justified a PCR analysis. As such, we determine the motion judge mistakenly exercised his discretion by considering the motion as a PCR application and denying defendant's request for discovery.

Defendant's counsel reviewed discovery that revealed the State interviewed Theresa once on December 9, 1991, in connection with a matter unrelated to the murder. Deducing that the State would have attempted to interview Theresa after Michael delivered the letter, counsel inquired of the prosecutor if Theresa "was interviewed by members of your office or other law enforcement entity following the disclosure . . . by Michael . . . and to request copies of any and all statements, interviews and/or reports of interviews of Theresa" after Michael disclosed the letter. Defendant contends the State denied that request[7] and did not respond to his counsel's ensuing correspondence in

---

[7] The record does not contain the State's denial.

which he explained he was not asking for an inspection of the State's closed files, but merely a response to requests for the prior requested material.

Defendant's motion sought an order compelling provision of the same information. If the State had interviewed Theresa after the return of the indictment, the results of that interview, in the form of a transcript, report or other documentation, should have been provided to defendant in discovery. See R. 3:13-3(b)(1)(F) and (G). We have recognized a constitutional requirement to disclose any information that may reasonably lead to additional evidence discrediting the State's witnesses or contradicting its narrative. See State v. Williams, 403 N.J. Super. 39, 46-47 (App. Div. 2008) (concluding that the State must disclose inadmissible evidence that could lead to related admissible evidence), aff'd as modified, 197 N.J. 538 (2009). A defendant's right to "broad discovery of the evidence the State has gathered in support of its charges" is "automatic." State v. Scoles, 214 N.J. 236, 252-53 (2013) (citing R. 3:13-3). "The onus is on the State to make the full file available[.]" Id. at 253. Further, "the duty to disclose is ongoing[.]" State v. Cusick, 219 N.J. Super. 452, 462 (App. Div. 1987) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987)).

Defendant is seeking nothing more than that to which he was entitled at the outset of this case. We find apt the United States Supreme Court's

observation that its prior "decisions lend no support to the notion that defendants must scavenge for hints of undisclosed Brady[8] material when the prosecution represents that all such material has been disclosed." Banks v. Dretke, 540 U.S. 668, 695 (2004). The Court held "[a] rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." Id. at 696.

Applying the same fair principles here, defendant is entitled to know if the State interviewed Theresa and, if so, what was revealed during the interview. Whether there was an interview, or whether the results of any interview would provide grounds for the grant of a new trial is not the issue. The discovery will inform defendant's attempt to establish grounds for a new trial.

Defendant is not, as the State contends, seeking to forage through its file. He is not embarking on a fishing expedition. Defendant is seeking very specific information to which only the State is privy. Indeed, his attempts to obtain answers to his questions directly from Theresa—who did not testify at either trial—were unanswered, despite Theresa's receipt of six questions posed by defendant's counsel seeking information about any contact by the prosecutor's office after Michael delivered the letter. And, defendant need not show good

---

[8] Brady v. Maryland, 373 U.S. 83 (1963).

cause to obtain discovery that the State was required to tender pre-trial. That standard is applicable to PCR matters; this is not one.

We do not express any opinion about whether defendant is entitled to a new trial. If there is evidence of an interview with Theresa, we leave for another day whether there is newly discovered evidence that is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Carter, 85 N.J. 300, 314 (1981). All three prongs must be satisfied before a new trial is warranted, State v. Ways, 180 N.J. 171, 187 (2004), and defendant bears the burden to establish each prong, State v. Smith, 29 N.J. 561, 573 (1959).

Reversed and remanded for proceedings consistent with this opinion, including entry of an order granting defendant's motion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0677-18T2